1  JEFFRY HENDERSON (*pro hac vice*)
   hendersonj@gtlaw.com
2  ROBERT CHRISTIE (*pro hac vice*)
   christier@gtlaw.com
3  KATHARINE L. MALONE (SBN:  290884)
   malonek@gtlaw.com
4  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
5  East Palo Alto, California  94303
   Telephone: (650) 328-8500
6  Facsimile: (650) 328-8508

7  Attorneys for Defendants
   KCG Americas LLC, Daniel B. Coleman,
8  Carl Gilmore, Greg Hostetler, Main Street Trading, Inc.,
   Patrick J. Flynn, Wedbush Securities Inc. & Edward W. Wedbush

9

10

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                    **OAKLAND DIVISION**

14

15  BRIGHT HARRY,                          CASE NO.  4:17-CV-2385-HSG

16            Plaintiff,                   **NOTICE OF MOTION AND DEFENDANTS'**
                                           **MOTION TO DISMISS PLAINTIFF'S**
17       v.                               **AMENDED COMPLAINT**

18  KCG AMERICAS LLC, DANIEL B.            Complaint Filed: April 26, 2017
    COLEMAN, CARL GILMORE,                 Amended Complaint Filed: May 16, 2017
19  GREG HOSTETLER, MAIN STREET
    TRADING, INC., PATRICK J. FLYNN,       Honorable Haywood S. Gilliam, Jr., presiding
20  WEDBUSH SECURITIES INC., EDWARD
    W. WEDBUSH, ION TRADING, INC,          Date: September 21, 2017
21  ANDREA PIGNATARO,                      Time: 2:00 p.m.
    ROBERT SYLVERNE, COMPUTER VOICE
22  SYSTEMS, INC., PAUL STURM, and SCOTT
    WILLIAM BENZ,
23
            Defendants.
24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg Hostetler, Main Street Trading, Inc., Patrick J. Flynn, Wedbush Securities Inc. and Edward W. Wedbush hereby move the Court for entry of an order dismissing Plaintiff's Amended Complaint with prejudice.

DATED: July 24, 2017

By:     /s/Katharine L. Malone
        Katharine L. Malone

        Attorneys for Defendants

        KCG Americas LLC
        Daniel B. Coleman
        Carl Gilmore
        Greg Hostetler
        Main Street Trading, Inc.
        Patrick J. Flynn
        Wedbush Securities Inc.
        Edward W. Wedbush

1

2

**MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) and (6)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

3      Defendants KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg Hostetler, Main Street

4   Trading, Inc., Patrick J. Flynn, Wedbush Securities Inc. and Edward W. Wedbush (collectively,

5   "**Wedbush Defendants**"), pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure,

6   move to dismiss Plaintiff's Amended Complaint on the grounds that plaintiff Bright Harry ("**Harry**") is

7   estopped under the doctrines of res judicata, collateral estoppel, and lack of standing to pursue claims

8   against the Wedbush Defendants.

9      WHEREFORE, Defendants KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg

10  Hostetler, Main Street Trading, Inc., Patrick J. Flynn, Wedbush Securities Inc. and Edward W. Wedbush

11  request the entry of an order dismissing with prejudice Plaintiff's action against the Wedbush

12  Defendants, and for such other and further relief that the Court finds necessary under the circumstances.

13  DATED:  July 24, 2017

14                                            By:      /s/Katharine L. Malone
                                                       Katharine L. Malone
15

16                                                     Attorneys for Defendants

17                                                     KCG Americas LLC
                                                       Daniel B. Coleman
18                                                     Carl Gilmore
                                                       Greg Hostetler
19                                                     Main Street Trading, Inc.
                                                       Patrick J. Flynn
20                                                     Wedbush Securities Inc.
                                                       Edward W. Wedbush

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   STATEMENT OF ISSUES TO BE DECIDED ....................................................1

II.  STATEMENT OF RELEVANT FACTS ..........................................................1

III. ARGUMENT IN SUPPORT OF MOTION TO DISMISS.........................................5

   A.   Harry's federal action against the Wedbush Defendants KCG, Wedbush, Daniel
        Coleman, Main Street Trading and Patrick Flynn is barred by the doctrines of res
        judicata and collateral estoppel..........................................................5

        1.   Rule 12(b)(6) motion standard for defenses based on the doctrines of res
             judicata and collateral estoppel. ..................................................5

        2.   The doctrines of res judicata and collateral estoppel apply to judicial
             findings in administrative actions. ................................................6

             a.   Application of the doctrine of res judicata...............................6

             b.   Application of the doctrine of collateral estoppel.......................8

   B.   Plaintiff lacks standing to prosecute his claims against the Wedbush Defendants...........10

        1.   Rule 12(b)(1) motion standard..........................................................10

        2.   Harry lacked standing to prosecute his claims against the Wedbush
             Defendants because Harry did not have an account with the Wedbush
             Defendants, and Draper never assigned his claim against the Wedbush
             Defendants to Harry................................................................11

IV.  CONCLUSION....................................................................................13

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**EXHIBITS**

Exhibit A.  Affidavit of Patrick J. Flynn

    A.1      Account Application

    A.2      Customer Agreement

    A.3      Discretionary Account Trading Authorization

    A.4      Account Manager Acknowledgement

    A.5      10/14/15 - Harry and Draper's Reparations Complaint

    A.6      3/8/16 - Director's Order Dismissing Harry's Complaint

    A.7      3/17/17 - Commission's Denial of Harry's Appeal of the Order dated March 8, 2016

    A.8      3/28/17 – Judgment Officer's Order to Show Cause

    A.9      5/1/17 – Judgment Officer's Order of Dismissal for Cause

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Astoria Fed. Sav. & Loan Ass'n. v. Solimino*,
5
    501 U.S. 104 (1991) ................................................................................................................ 6

6

*United States ex rel. Barajas v. Northrop Corp.*,
7
    147 F.3d 905 (9th Cir. 1998) ................................................................................................. 7

8

*Communications Telesystems Int'l v. Cal. Pub. Util. Comm'n*,
    196 F.3d 1011 (9th Cir. 1999) ............................................................................................... 7

9

*Day v. Moscow*,
10
    955 F.2d 807 (2d Cir. 1992) ................................................................................................... 5

11

*Dohmen-Ramirez v. Commodity Futures Trading Com.*,
    837 F.2d 847 (9th Cir. 1988) ................................................................................................. 6
12

13

*Fox v. Maulding*,
    112 F.3d 453 (10th Cir. 1997) ............................................................................................. 10
14

15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
    528 U.S. 167 .......................................................................................................................... 10

16

*Genesis Healthcare Corp. v. Symczyk*,
17
    133 S. Ct. 1523 (2013) ......................................................................................................... 10

18

*Int'l Union of Operating Eng'rs-Employers v. Karr*,
    994 F.2d 1426 (9th Cir. 1993) ........................................................................................... 6, 7

19

*Kokkonen v. Guardian Life Ins. Co.*,
20
    511 U.S. 375 (1994) ............................................................................................................. 11

21

*Mack v. South Bay Beer Distribs.*,
    798 F.2d 1279 (9th Cir. 1986) ............................................................................................... 5
22

23

*Nichols v. Alker*,
    126 F. Supp. 679 (E.D.N.Y. 1954) ..................................................................................... 10

24

*Parklane Hosiery Co. v. Shore*,
25
    439 U.S. 322 (1979) ............................................................................................................... 9

26

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ............................................................................................. 11

27

*CFTC v. Schor*,
28
    478 U.S. 833 (1986) ............................................................................................................... 9

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) ............................................................................ 9

*Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*,
   594 F.2d 730 (9th Cir. 1979) ............................................................................ 11

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ......................................................................... 11

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ............................................................................ 11

**Statutes**

7 U.S.C. § 6b ................................................................................................................ 4

7 U.S.C. § 18(a)(1) ...................................................................................................... 3

Commodity Exchange Act ....................................................................................... 3, 9


**Rules and Regulations**

17 C.F.R. 12 ....................................................................................................... 3, 4, 5, 7

CFTC Regulation 166.3 (17 C.F.R. § 166.3) ............................................................. 4

CFTC Regulation 180.l (17 C.F.R. § 180.1) .............................................................. 4

Federal Rule of Civil Procedure 12(b)(1) ........................................................... 10, 11

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 5, 6

NFA Rule 101(t) ......................................................................................................... 10

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether a final adjudication by a federal agency that found Harry lacked standing to prosecute his claims against the Wedbush Defendants bars Harry's claims against the Wedbush Defendants in this action under the doctrines of res judicata and/or collateral estoppel.

2.    Whether Harry lacks standing to prosecute claims against the Wedbush Defendants for trading losses sustained in a third party account owned by Ronald Draper ("**Draper**") in which Harry had no interest.

## II.   STATEMENT OF RELEVANT FACTS[1]

1.    Plaintiff commenced this action on April 26, 2017, through the filing of his Complaint against the Wedbush Defendants and six other individuals and entities listed in the above caption.  The Complaint was subsequently amended on May 16, 2017 (the "**Amended Complaint**" or "**Am. Compl.**") with no change in the composition of the parties.  Compare Compl. at 1 (Doc. No. 1) and Am. Compl. at 1 (Doc. No. 11).

### The Parties

2.    Plaintiff Harry is a citizen of California and lists his residence at 37421 Gillett Road, Fremont, California 94536.  Am Compl. at 1.

3.    Defendant Wedbush Securities Inc. ("**Wedbush**") is a corporation with its principal place of business in the State of California.  Wedbush is registered with the National Futures Association ("**NFA**") as a Futures Commission Merchant.  Am. Compl. at ¶¶ 30, 40.

4.    Defendant Edward W. Wedbush ("**Edward Wedbush**") is an officer of Wedbush and registered with the NFA as a principal of Wedbush.  Am. Compl. at ¶¶ 31, 40.

5.    Defendant Knight Capital Americas, LLC, d/b/a KCG America LLC is a corporation ("**KCG**").  Am. Compl. at ¶ 24.

6.    Defendant Daniel Coleman was registered with the NFA between January 4, 2000 and March 31, 2010.  Am. Compl. at ¶ 25.

---

[1]  Hereinafter referred to as "**SOF**."

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

7.    Defendant Carl Gilmore was a principal of KCG between May 31, 2012 and December 1, 2014 and a principal of Wedbush from December 1, 2014 to December 15, 2015, and registered as such with the NFA.  Am. Compl. at ¶¶ 26, 40.

8.    Defendant Greg Hostetler was a principal of KCG from May 30, 2012 to December 1, 2014, and registered as such with the NFA.  Am. Compl. at ¶¶ 27, 40.

9.    Defendant Main Street Trading, Inc. is an introducing broker and registered as such with the NFA.  Am. Compl. at ¶¶ 28, 40.  NFA is a self-regulatory organization for the futures industry and registered as such with the Commodity Futures Trading Commission ("**CFTC**").  Am. Compl. at ¶ 40; *See* **Exhibit A,** Affidavit of Patrick J. Flynn ("**Flynn Aff.**") at ¶ 2-3.

10.    Defendant Patrick Flynn is the President of Main Street Trading, Inc.  Am. Compl. at ¶¶ 29, 40.

**Opening Account Documents**

11.    On or about November 6, 2013, Draper completed an account application (the "**Account Application**") for the purpose of opening a commodity trading account with KCG.  *See* Flynn Aff. at ¶ 8; Ex. A.1.

12.    On or about November 6, 2013, Draper executed a customer agreement with KCG for the purpose of opening a commodity trading account (the "**Customer Agreement**").  *See* Flynn Aff. at ¶ 8, 10; Ex. A.2.

13.    Following the receipt of Draper's Account Application and Customer Agreement, on or about November 6, 2013, KCG opened a commodity trading account for Draper (the "**Draper Trading Account or Account**") through its introducing broker, Main Street Trading, Inc.  Am. Compl. at ¶ 5; Flynn Aff. at ¶¶ 4-6, 13.

14.    Draper was the sole signatory to the Customer Agreement.  *See* Am. Compl. at ¶ 5; Flynn Aff. at ¶¶ 8, 10, 13; Ex. A.2 at 4.

15.    The Draper Trading Account was opened in Draper's name only.  *See* Am. Compl. at ¶ *5*; Ex. A.8 at Note 5; Flynn Aff. at ¶¶ 12-14, 22; Ex. A.9 at note 5.

16.    Only one commodity futures trading account was opened by Draper with the Wedbush Defendants.  *See* Am. Compl. at ¶ 5; *See* Flynn Aff. at ¶ 13, 22-23; Ex. A.8 at Note 5; Ex. A.9 at Note 5.

17.     Under the terms of the Customer Agreement, Draper agreed and represented that the Draper Trading Account "is an Individual Account … and no one else has an interest in this account." Flynn Aff. at ¶ 15; Ex. A.2 at Section 16.

18.     On or about November 6, 2013, Draper granted Harry authorization to place trades in the Draper Trading Account through Draper's execution of a Discretionary Account Trading Authorization (the "**POA**"). *See* Flynn Aff. at ¶ 11; Ex. A.3.

19.     Following Draper's execution of the POA, Harry executed an Account Manager Acknowledgement (the "**POA Acknowledgment**") on or about November 6, 2013. *See* Flynn Aff. at ¶ 12; Ex. A.4.

20.     Draper, not Harry, funded the Draper Trading Account.  Flynn Aff. at ¶ 16; Ex. A.8 at note 5.

21.     Effective December 1, 2014, KCG sold certain of its assets to Wedbush which included the transfer of Draper's account from KCG to Wedbush on December 1, 2014.  Am. Compl. at ¶ 7; Flynn Aff. at ¶ 17.

### Harry and Draper's CFTC Reparation Action

22.     On October 14, 2015, Harry and Draper filed a complaint with the CFTC pursuant to Section 14(a)(1) of the Commodity Exchange Act., 7 U.S.C. 18, and Part 12 of the CFTC's Regulations, 17 C.F.R. 12, (the "**Reparations Complaint**").  *See* Flynn Aff. at ¶ 18; Ex. A.5.

23.     In his Reparations Complaint, Harry claimed damages he purportedly incurred in the Draper Trading Account.  Flynn Aff. at ¶ 19; *see* Ex. A5 at 2 (claiming "4.5 million to $5 million").

24.     On March 8, 2016, the CFTC's Director of Office of Proceedings entered an order dismissing Harry's Reparations claims as a result of a lack of jurisdiction and lack of standing.  ("**Order of Dismissal**").  Flynn Aff. at ¶ 20; Ex. A.6.

25.     The CFTC found that five of the respondents named by Harry in his Reparations Complaint: Edward Wedbush, Computer Voice System, Paul Sturm, ION Trading and Bob Sylverne, were not registered with the CFTC, and thus were improperly joined as respondents.[2]  *See* Ex. A.6 at 2.

---

[2]  As a matter of law, in a Reparation action, the CFTC has jurisdiction only over a respondent if the respondent is a person who is registered with the CFTC.  7 U.S.C. § 18(a)(1).

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

26.     The CFTC found that the remaining Respondents in the Reparations Action, KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn were proper respondents.  Ex. A.6 at 2 (although no specific finding was made as to Daniel Coleman and Patrick Flynn's status, the CFTC did not make a finding that they were improperly joined as respondents).

27.     However, because the Account Application showed that Harry was not an owner of the trading account at issue in the Reparations Action, which is the same trading account at issue in this action, the Commission found that Harry lacked standing to claim or pursue damages against any of the named respondents and summarily dismissed Harry's Reparations Claim by Order dated March 8, 2016.  *See* Ex. A.6.

28.     Approximately one year after the Order of Dismissal was entered by the Commission, Harry appealed the Order of Dismissal to the CFTC's Commissioners (hereinafter referred to as the "**Commission**") on March 13, 2017.  *See* Ex. A.8 at ¶1.  The Appeal was denied four days later by the Commission on March 17, 2017.  *See* Flynn Aff. at ¶ 21; Ex. A.7; Ex. A.8 at 2.

## The Nucleus of Harry's Issues and Causes of Action
## Against the Wedbush Defendants in the CFTC Action

29.     In his Reparations Complaint before the CFTC, Harry alleged that KCG, Wedbush, Edward Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn "Individually and Collectively failed to execute or clear the trades of Complainants on so many occasions . . . , that their actions border on intentional fraud, deliberate manipulation of their trading system to defraud Complainants.  In short, Respondents Individually and Collectively, violated the Federal Statute, 7 U.S.C. § 6b, CFTC Regulation 166.3 (17 C.F.R. § 166.3) and CFTC Regulation 180.l (17 C.F.R. § 180.1)."  *See* Ex. A.5 (Reparations Complaint) at 9.

## The Nucleus of Harry's Issues and Causes of Action
## Against the Wedbush Defendants in the Federal Court Action

30.     In his Amended Complaint in this action, Harry alleged that his action arose "from the Willful and Malicious Manipulative Misconduct of Defendants . . . . Starting with Intentional or Willful, Manipulative Fraudulent Concealment and Fraudulent Misrepresentations in 2013, and ending up with Maliciously Willful Manipulative Operational Failures and other Unlawful Acts in 2015 to defraud

Harry . . . .   This action is about the aforementioned Defendants defrauding Plaintiff Harry before, during and after his placement of buy and/or sell (purchase and/or sale) orders for Electronic Commodity Futures Spread Contracts with . . .  KCG, Wedbush, and their Affiliates, from at least November 2013 to at least April 2015."  Am. Comp. at ¶¶ 1-3.

### III.   ARGUMENT IN SUPPORT OF MOTION TO DISMISS

Harry lacks standing to commence his action against the Wedbush Defendants in this matter because 1) the doctrines of res judicata and collateral estoppel bar Harry from asserting claims against the Wedbush Defendants in this action, and/or 2) Harry has not suffered an "injury in fact" as a result of trading losses sustained in the Draper Trading Account because Harry had no legal interest in the Draper Trading Account and Draper's claims against the Wedbush Defendants were previously asserted against the Wedbush Defendants and dismissed with prejudice.[3]

### A.   Harry's federal action against the Wedbush Defendants KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn is barred by the doctrines of res judicata and collateral estoppel.

The application of the doctrines of collateral estoppel and res judicata bar Harry from reasserting his claims in this forum against KCG, Wedbush, Daniel Coleman, Main Street Trading, and Patrick Flynn because the issues and claims raised in his Amended Complaint arose out of the same transactional nucleus of the issues and claims in his Reparations Complaint, all of which were dismissed by the CFTC Judgment Officer based on Harry's lack of standing to assert such claims.

### 1.   Rule 12(b)(6) motion standard for defenses based on the doctrines of res judicata and collateral estoppel.

The defense of res judicata may be raised in a Rule 12(b)(6) motion to dismiss when all relevant facts are shown by the court's own judicially noticeable records and documents attached to the complaint.  *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).  When considering a Rule 12(b)(6) motion based on the doctrine of collateral estoppel, "a court may take judicial notice of facts outside the pleadings… [including the taking of] judicial notice of "records and reports of administrative bodies." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citations omitted).  Moreover,

---

[3]  Draper filed a Notice of Appeal with the Commission through a letter dated May 11, 2017.

1   looking "beyond the complaint to matters of public record does not convert a Rule 12(b)(6) motion to
2   one for summary judgment." *Id*.

3
4   ### 2.    The doctrines of res judicata and collateral estoppel apply to judicial findings in administrative actions.

5       The Supreme Court has held that res judicata and collateral estoppel doctrines may be applied to
6   agency actions when, as here, "an administrative agency is acting in a judicial capacity and resolves
7   disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate."
8   *Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104, 107 (1991) (quoting *United States v. Utah*
9   *Constr. & Mining Co*., 384 U.S. 394, 422 (1966).  Indeed, the decisions of judgment officers and the
10  CFTC related to CFTC Reparations proceedings "are given great deference and upheld unless they are
11  inherently incredible or patently unreasonable."  *See Dohmen-Ramirez v. Commodity Futures Trading*
12  *Com*., 837 F.2d 847, 856 (9th Cir. 1988) (quotations and citations omitted).  In this case, based upon the
13  prior administrative orders, each of the requirements for the application of the doctrines of res judicata
14  and collateral estoppel have been satisfied.

15      Harry's CFTC Reparations action involved the same transactions and facts as the instant case.
16  Harry had the opportunity to fully litigate his action and he lost.  A final and appealable order, the
17  Dismissal Order, was entered in Harry's Reparations action on March 8, 2016, dismissing Harry's
18  claims against KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn based on
19  Harry's lack of standing.  SOF at ¶ 24-26.  Harry appealed the Order of Dismissal on March 13, 2017,
20  which the Commission summarily denied four days later on March 17, 2017.  SOF at ¶ 28.

21          a.      Application of the doctrine of res judicata.

22      "The doctrine of res judicata 'is motivated primarily by the interest in avoiding repetitive
23  litigation, conserving judicial resources, and preventing the moral force of court judgments from being
24  undermined.'"  *Int'l Union of Operating Eng'rs-Employers v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993)
25  (quoting *Haphey v. Linn County*, 924 F.2d 1512, 1518 (9th Cir. 1991), *rev'd in part on other grounds*,
26  953 F.2d 549 (9th Cir. 1992) (en banc)).  The doctrine of res judicata "bars claims that should have been
27  raised and resolved in earlier litigation between the same parties.  Generally, a claim is barred under this
28  doctrine if the earlier litigation: (1) concerned the same claim as the current action, (2) reached final

judgment on the merits, and (3) involved the same parties." *Communications Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1017 (9th Cir. 1999) (*citing Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993)).  To determine whether a case concerns or involves the same claim as a previous action, a court examines "whether the two suits arise out of the same transactional nucleus of fact." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998).  To determine whether two events arise from the same transaction, courts consider whether they are "related to the same set of facts and whether they could conveniently be tried together." *International Union of Operating Engineers-Employers Constr. Indus. Pension, etc. v. Karr*, 994 F.2d 1426, 1429 (*quoting Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 870 (9th Cir. 1992)).

In his Reparations Complaint, Harry alleged eight causes of action:

       1.      Fraud,

       2.      Breach of fiduciary duty,

       3.      Misrepresentations,

       4.      Non-disclosure of risks,

       5.      Failure to execute orders,

       6.      Failure to supervise,

       7.      Unauthorized trading, and

       8.      Reckless and wanton manipulation of trading devices and system to defraud.

Ex. A.5 at 2, 10.

All of Harry's causes of action in his Reparations Complaint centered on the alleged fraudulent, willful, and malicious actions by KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn and other defendants named in this action.  Harry repeated those allegations in form and substance in this action through ten causes of action:

       1.      fraudulent concealment,

       2.      fraudulent misrepresentations,

       3.      breach of fiduciary duty,

       4.      breach of contract under California law,

       5.      aiding and abetting,

6.      violation of California unlawful activity & fraudulent conduct law,

7.      violations of the California unfair competition law,

8.      violations of the California consumer legal remedies act,

9.      violations of the California false advertising law, and

10.     employment of manipulative devices/scheme to defraud.

Am. Compl. at pp. 54, 61, 64- 65, 68-70, 72, 75-76; *see* SOF at ¶ 29.

As detailed above, the nucleus of Harry's issues and claims against the Wedbush Defendants in the instant action center around KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn's "Willful and Malicious Manipulative Misconduct of Defendants . . . "[s]arting with Intentional or Willful, Manipulative Fraudulent Concealment and Fraudulent Misrepresentations in 2013, and ending up with Maliciously Willful Manipulative Operational  Failures and other Unlawful Acts in 2015 to defraud Harry. . . [and] Defendants defrauding Plaintiff Harry before, during and after his placement of buy and/or sell (purchase and/or sale) orders for Electronic Commodity Futures Spread Contracts with . . . KCG, Wedbush, and their Affiliates, from at least November 2013 to at least April 2015." SOF at ¶ 30.

In reality, notwithstanding certain differences in designation, Harry's claims in his Reparations Action against KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn are identical to the issues and claims against them in this action, thus satisfying the first element for a finding of res judicata (the two suits arise out of the same transactional nucleus of facts).

The second element of res judicata (whether a final judgment was rendered) has also been met because a final order was entered in the Reparations action against Harry – which was affirmed on appeal by Order dated March 17, 2017, by the Commission.

Satisfaction of the third and final element (involvement of the same parties in both proceedings) with respect to KCG, Wedbush, Daniel Coleman, Main Street Trading and Patrick Flynn is satisfied because each of the foregoing Wedbush Defendants in this action was also a party to the Reparations action.  As a result, Harry's pending action should be dismissed with prejudice against those parties.

b.      Application of the doctrine of collateral estoppel.

In contrast to the doctrine of res judicata, or claims preclusion, "[i]Issue preclusion bars

relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue

necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;

(2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom

collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Skilstaf,*

*Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012) (quoting *Reyn's Pasta Bella, LLC v.*

*Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)).  "Collateral estoppel, like the related doctrine of res

judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue

with the same party or his privy and of promoting judicial economy by preventing needless litigation."

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Here, the first element of the doctrine of collateral estoppel has been met because the issues

raised by Harry in this action are identical to the issues he raised or could have raised in his Reparations

Action.[4]  The CFTC's judgment officer entered a final order dismissing Harry's Reparations action

based on Harry's lack of standing to bring claims against the Wedbush Defendants -- the same claims

that Harry has now raised in this action.  The Commission affirmed the judicial officer's findings and no

further appeals were taken – thus satisfying the second element of collateral estoppel.  Finally, the third

and last element of collateral estoppel has also been satisfied with respect to KCG, Wedbush, Daniel

Coleman, Main Street Trading and Patrick Flynn because these Wedbush Defendants were also parties

in the Reparations action.  SOF ¶ 26.

The next issue is whether Edward Wedbush, Carl Gilmore, and Greg Hostetler are in privity to

defendants Wedbush or KCG, and thus protected under the doctrine of collateral estoppel.  Harry admits

that at all times relevant to the period at issue, Carl Gilmore and Greg Hostetler were registered with the

NFA as principals of KCG and Wedbush during the period that the Draper Trading Account was open.

SOF at ¶¶ 7-8.  Harry also admits that Edward Wedbush was an officer of Wedbush and registered with

the NFA as a principal of Wedbush during the period that the Draper Trading Account was open.  SOF

---

[4] As explained by the Supreme Court in *CFTC v. Schor*, 478 U.S. 833, 856 (1986), common law claims may be
raised by a party in a Reparations proceeding when such claims are "limited to claims arising out of the same
transaction or occurrence as the reparations claim."  Accordingly, the Commission's finding that Harry lacked
standing in his Reparations Action applied not only to causes of action based on the Commodity Exchange Act or
the Commission's Regulations, it also applied to common law causes of action.

at ¶ 4.  Under the NFA's Registration Rules, a "principal" includes individuals who are officers of a business unit regulated by the CFTC.  NFA Rule 101(t).  As principals of Wedbush and KCG, Edward Wedbush, Carl Gilmore, and Greg Hostetler were in privity with Wedbush and KCG.  *See Fox v. Maulding*, 112 F.3d 453, 459 (10th Cir. 1997) (claim preclusion can be invoked by bank, which was a named defendant in a prior action, and also by the bank officers, who were not named defendants in the prior action but are in privity with the bank); *See also Nichols v. Alker*, 126 F. Supp. 679, 682-83 (E.D.N.Y. 1954) (claim of fraud and conspiracy against corporation barred later claim against officers, directors, and agents because they were in privity with the corporation).

In light of the foregoing, each of the Wedbush Defendants satisfy the requirements of res judicata or collateral estoppel, and as a result Harry's claims against the Wedbush Defendants should be dismissed with prejudice.

### B.    Plaintiff lacks standing to prosecute his claims against the Wedbush Defendants.

Harry seeks to recover losses in a trading account maintained in Draper's name, yet Draper previously represented to the Wedbush Defendants that no other person had an interest in the Draper Account.  *See* SOF at ¶¶ 15-17.  Draper only granted a power of attorney to Harry for the purpose of executing trades in the Draper Account, and Harry did not have or maintain a financial interest in the Draper Account.  SOF at ¶¶ 16-20.  As a result, because Harry lacks any interest in the Draper Account, he lacks standing to prosecute any claims against the Wedbush Defendants.

### 1.    Rule 12(b)(1) motion standard.

Article III of the Constitution "limits the jurisdiction of the federal courts to Cases and Controversies".  As a result, a plaintiff seeking to invoke federal jurisdiction "must demonstrate that he possesses a legally cognizable interest, or 'personal stake', in the outcome of the action."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).  To demonstrate standing, a plaintiff must show:

> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81(2000).

A party seeking to challenge a Court's jurisdiction pursuant to Rule 12(b)(1) may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, a court accepts the allegations of the complaint as true.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary … [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")  *Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted).  It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

> **2.      Harry lacked standing to prosecute his claims against the Wedbush Defendants because Harry did not have an account with the Wedbush Defendants, and Draper never assigned his claim against the Wedbush Defendants to Harry.**

Harry's claims against the Wedbush Defendants are based entirely on the alleged conduct of the Wedbush Defendants involving losses sustained in a trading account maintained solely in Draper's name.  Harry has failed and cannot show that he suffered an injury.  As a result, Harry's claims should be dismissed with prejudice.  Furthermore, despite the 79 page Amended Complaint filed by Harry in this matter, Harry has failed to show any basis that would give him standing to prosecute an action against the Wedbush Defendants.  To the contrary, Harry admitted that Draper was the sole signatory to the Customer Agreement and that the Draper Trading Account was opened under Draper's name only.  SOF at ¶¶ 14-15.  Moreover, Harry admitted that only one commodity trading account was opened by Draper with the Wedbush Defendants and that no account was opened by the Wedbush Defendants in

Harry's name.  Am. Compl. at ¶ 5.  Draper, himself, represented to the Wedbush Defendants that the Draper Trading Account was an individual account and that no other person had an interest in that account.  SOF at ¶¶ 11-16.

Although Draper provided Harry with the POA to place trades in the Draper Trading Account, Draper did not provide Harry with a financial interest in the Draper Trading Account or an interest in the profits or losses in the Draper Trading Account.  SOF at ¶¶ 15-16; Exhibit A.3.  Indeed, Harry had no right under the POA to withdraw funds from the Draper Trading Account.  *See* Ex. A.3 ("Account Manager is not authorized to withdraw from Customer's account any monies, securities or any property either in Customer's name or otherwise unless such withdrawal or payment is specifically authorized in writing by Customer").  In fact, the only authority that Harry had under the POA was to "buy and sell . . . securities, futures contracts, options or futures, commodities, forward contracts, and similar or related contracts on margin" for the Draper Trading Account.  *Id.*

Simply put, Harry has not demonstrated that he possessed a legally cognizable interest, or personal stake, in the Draper Trading Account that would demonstrate that he has suffered an injury that would allow a court to award him relief.  To the contrary, Draper's independent action before the CFTC and Draper's pending appeal demonstrates that Draper never relinquished or surrendered his causes of action to any person, including Harry.

For all of the foregoing reasons, Harry has failed to demonstrate that he has standing to pursue the claims against the Wedbush Defendants and as a result Harry's claims should be dismissed with prejudice.

///

///

///

///

///

///

///

///

**IV.** <u>**CONCLUSION**</u>

Based on the foregoing, Plaintiff Bright Harry is barred from pursuing his claims against the Wedbush Defendants based on the doctrines of res judicata and collateral estoppel and, independent of the foregoing defenses, Harry lacks standing to prosecute his claims against the Wedbush Defendants. Accordingly, the Wedbush Defendants respectfully request that Harry's claims against the Wedbush Defendants be dismissed with prejudice and for such further relief as the Court finds necessary in the interest of justice.

DATED:  July 24, 2017

By:     /s/Katharine L. Malone
                Katharine L. Malone

                Attorneys for Defendants

                KCG Americas LLC
                Daniel B. Coleman
                Carl Gilmore
                Greg Hostetler
                Main Street Trading, Inc.
                Patrick J. Flynn
                Wedbush Securities Inc.
                Edward W. Wedbush

# EXHIBIT A