UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY,<br><br>    Plaintiff,<br><br>v.<br><br>KCG AMERICAS LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-02385-HSG<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>Re: Dkt. No. 134 |

Pending before the Court is Plaintiff Bright Harry's motion to vacate the Court's August 27, 2018 order denying the motion to consolidate and dismissing his case. *See* Dkt. No. 134 ("Mot.").[1] Because Harry has not established any basis for why the judgment should be vacated, the Court **DENIES** the motion.[2]

Harry initially brought this action in April 2017, *see* Dkt. No. 1, and filed a first amended complaint in May 2017, *see* Dkt. No. 11. The Court dismissed the first amended complaint with leave to amend in March 2018. *See* Dkt. No. 74. In his second amended complaint, filed on April 3, 2018, Harry named 14 defendants and averred 10 causes of action across 89 pages, including fraudulent concealment, fraudulent misrepresentation, breach of fiduciary duty, breach of contract, "aiding and abetting" fraud, violation of several California consumer protection statutes, and "employment of manipulative computer software programs, computer servers, electronic trading

---

[1] Harry, who is proceeding pro se, styled his motion as "Plaintiffs Draper's and Harry's Joint Motion to Vacate Their Respective Judgments" and captioned the motion to include a related case, *Draper v. KCG Americas LLC, et al.*, Case No. 18-cv-2524-HSG. Draper is proceeding pro se in his own case and filed an identical motion. Because the Court previously denied Harry and Draper's motions to consolidate their cases, *see* Dkt. No. 123 at 5, the Court will analyze each of these motions independently.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

facility and manipulative scheme to defraud" him. *See* Dkt. No. 75 ("SAC").[3] On August 27, 2018, the Court denied Harry's motion to consolidate his case with Draper's and granted Defendants' motion to dismiss. *See* Dkt. No. 123 at 5, 8–9. The Court reviewed Harry's three theories for how he suffered an injury-in-fact and found that all of them failed, therefore concluding that Harry lacked standing to pursue his federal claims. *See id.* at 10–12.

Harry moves to vacate the Court's dismissal order, citing Federal Rules of Civil Procedure 41(b), 59(e), and 60(b) and asserting that relief is warranted because of the violation of Federal Rule of Civil Procedure 12(b)(7) for failing to join parties, the Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, manifest errors of fact and law and manifest injustice, violations of his Constitutional rights, and fraud. *See* Mot. at 2–4.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissals and does not provide a basis for relief here. Rule 59(e) allows a party to move to alter or amend a judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Rule 60(b) allows a party to move for relief from a judgment for specified reasons, including if the judgment was obtained due to the fraud, misrepresentation, or misconduct of an opposing party. "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The Court finds that altering or vacating the order is unwarranted because Harry still has not demonstrated that he has standing to pursue his federal claims. Harry appears to contend in his motion that he generated trading profits which were commingled with Draper's $275,000

---

[3] This document is erroneously titled "First Amended Complaint."

deposit and used to pay a monthly software usage fee. *See* Mot. at 15–16. But, just as the Court found in its prior order, this contention is directly belied by an allegation in Harry's second amended complaint: "Draper's Good Faith Deposit of $275,000 . . . is a negative investment in that, *every month at least $300 will be taken out of the Deposit* for Trading Platform and Exchange Fees, whether Draper traded or not." *See* SAC ¶ 69 (emphasis added). Further, Harry seems to continue to argue that his lack of trading income despite his "24/6" efforts was an injury, *see* Mot. at 17–18; but, just as before, that theory is entirely speculative and insufficiently concrete to establish standing.

Because the prior dismissal order finding no standing was not premised on any manifest error of law or fact, relief is not necessary to prevent a manifest injustice, and the ruling was not obtained due to fraud, the Court **DENIES** the motion to vacate. The Clerk is **DIRECTED** to enter judgment in favor of Defendants, consistent with the Court's August 27, 2018 order, Dkt. No. 123.

**IT IS SO ORDERED.**

Dated: 4/19/2019

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge