UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY,<br><br>    Plaintiff,<br><br>v.<br><br>KCG AMERICAS LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-02385-HSG<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 126 |

Pending before the Court is the Wedbush Defendants' motion for sanctions against Plaintiff Bright Harry under Federal Rule of Civil Procedure 11.[1] *See* Dkt. No. 126 ("Mot."). Harry filed an opposition, *see* Dkt. No. 133 ("Opp."), and the Wedbush Defendants replied, *see* Dkt. No. 135 ("Reply"). For the following reasons, the Court **DENIES** the motion for sanctions.[2]

The Wedbush Defendants request sanctions based on "Harry's repeated disregard of orders informing him that he did not have standing to pursue the claims advanced in this case" and his "abusive litigation tactics." Mot. at 2. They contend that Harry violated Rule 11 because he "had ample warning from a separate judicial body, the CFTC, that he had no standing to seek damages" and that he "commenced [the] action for an improper purpose to harass, cause unnecessary delay, and to increase the costs of litigation to the Wedbush Defendants." Mot. at 6–7. They seek sanctions in "the amount of the legal fees and costs incurred by the Wedbush Defendants to secure their dismissal from his baseless claims." Mot. at 9.

Federal Rule of Civil Procedure 11 provides:

---

[1] As in its prior orders, the Court uses the shorthand "Wedbush Defendants" to refer to Defendants KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg Hostetler, Main Street Trading, Inc., Patrick J. Flynn, Edward W. Wedbush, and Wedbush Securities Inc.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990)). In other words, the Rule 11 "analysis is slightly different where . . . a plaintiff proceeds pro se, since arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se litigant." *Coleman v. Teamsters Local 853*, No. 12-05981 SC, 2013 WL 3790900, at *2 (N.D. Cal. July 18, 2013) (internal quotation omitted).

Taking into account Harry's pro se status, the Court concludes that Rule 11 sanctions are unwarranted. Though the Court dismissed Harry's claims for lack of standing, the totality of the record does not justify the imposition of sanctions on a pro se litigant (even accepting the undisputable strangeness of this litigation). Accordingly, the Court **DENIES** the Wedbush Defendants' motion for sanctions.

**IT IS SO ORDERED.**

Dated: 4/23/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge